IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| STEVEN RAY ) | |
| ) | Case No.: |
| Plaintiff, ) | |
| v. ) | **JURY TRIAL DEMANDED** |
| ) | |
| US BANK, N.A. ) | |
| ) | |
| and ) | |
| ) | |
| PROCOLLECT, INC., ) | |
| ) | |
| Defendants ) | |

## VERIFIED COMPLAINT

**COMES NOW**, Plaintiff Steven Ray (hereafter "Plaintiff"), by and through undersigned counsel, and hereby sue(s) Defendants, US Bank and ProCollect, (hereafter "Defendants"), and state(s) as follows:

## PRELIMINARY STATEMENT

This action arises out of Defendants' separate and distinct but identical violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* (hereafter the "FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* (hereafter the "TCPA").

## JURISDICTION AND VENUE

1. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA and/or FDCPA and/or by 28 U.S.C § 1332, diversity jurisdiction.

2. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action, is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts

shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii).

3. Pursuant to 28 U.S.C. § 1391(b), venue is proper in this District because the Plaintiff resides in this District, the phone calls were received in this District, and Defendants transact business in this District.

## FACTUAL ALLEGATIONS

4. Plaintiff is an individual who resides in St. Charles County, Missouri.

5. Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. § 1692(a)(3).

6. Defendant US Bank, N.A. is a nationally chartered bank doing business within this District.

7. Defendant ProCollect, Inc. is a Texas corporation with its headquarters in Texas doing business within this District.

8. Defendants are "Creditors," as defined by the FDCPA, 15 U.S.C. §1692a(4), and do business throughout the state of Missouri, including St. Louis, Missouri.

9. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and do business throughout the state of Missouri, including St. Louis, Missouri.

10. Defendants are "persons" subject to regulations under 47 U.S.C. § 227(b)(1).

11. The conduct of Defendants, which gives rise to the cause of action herein alleged, occurred in this District, by the Defendants' placing of telephone calls to Plaintiff's cellular telephone in an attempt to collect a debt.

12. Defendants, at all material times, was attempting to collect debts allegedly owed by the Plaintiff.

13. The alleged debts that are the subject matter of this complaint are "consumer debts" as defined by FDCPA, 15 U.S.C. §1692a(5).

14. Plaintiff revoked any prior express consent to contact Plaintiff via cell phone(s) or any other form of communication, when Plaintiff advised Defendants to stop calling his cellular telephone.

15. This action pertains to all calls to Plaintiff's cell phone(s) were made after Plaintiff revoked any "alleged" consent and without the "prior express consent" of Plaintiff.

16. Plaintiff is the regular user and carrier of the cellular telephone number ending in 1956 and was the called party and recipient of Defendants' automatic telephone dialing system and/or artificial or prerecorded voice.

17. Defendants knowingly and/or willfully called Plaintiff's cellular telephone(s) after Defendants had unequivocal notice from Plaintiff to cease any and all calls and after Plaintiff withdrew any prior consent or permission to be contacted.

18. Defendants knowingly and/or willfully harassed and abused Plaintiff by calling Plaintiff's cellular telephone numerous times per day after Plaintiff gave Defendants unequivocal notice to cease any and all calls to Plaintiff's cellular telephone.

19. Defendants used an automatic telephone dialing system or an artificial or pre-recorded voice to place telephone calls to Plaintiff's cellular telephone.

20. Defendants have, or should be in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of all calls made to Plaintiff.

21. Defendants placed calls to Plaintiff's cellular telephone that included delays in time before the telephone call was transferred to a representative to speak.

22. Plaintiff did not speak with a representative during some of the phone calls placed by Defendants because there was no representative on the telephone call that spoke or attempted to communicate with Plaintiff after Plaintiff answered the telephone call.

23. Some of the representatives who called Plaintiff's cellular telephone sounded like an artificial or pre-recorded voice.

24. Defendants left messages on Plaintiff's cellular telephone that started with a delay in time before the representative joined the line to leave a message.

25. Some of the voicemail messages received by Plaintiff on his cellular telephone from Defendant sounded like an artificial or pre-recorded voice requesting a return call from Plaintiff.  Additionally, messages left by Defendants sometimes used an artificial or pre-recorded voice that requested a return call from Plaintiff.

26. Plaintiff did not initiate any communications.

27. The calls from Defendants to Plaintiff's cellular telephone continued despite Plaintiff expressly revoking his consent.

28. None of Defendants' telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

29. None of Defendants' telephone calls placed to Plaintiff were made with Plaintiff's "prior express consent" as specified in 47 U.S.C. § 227 (b)(1)(A).

30. All conditions precedent to the filing of this lawsuit have been performed or have occurred.

## COUNT I
## VIOLATION OF THE FDCPA, 15 U.S.C. § 1692c(a)(2)

31. Plaintiff incorporates all allegations in the foregoing paragraphs as if stated fully herein.

32. Defendants willfully communicated with Plaintiff with such frequency as can reasonably be expected to abuse or harass Plaintiff.

33. Specifically, Defendants continued to make numerous telephone calls to Plaintiff's cellular telephone after being notified to no longer call Plaintiff through any means.

34. Defendants violated the FDCPA, 15 U.S.C. § 1692c(a)(2), when it knowingly communicated with Plaintiff after it knew Plaintiff was represented by counsel and could reasonably ascertain the name and address of counsel.

35. Specifically, Defendants continued to place phone calls to Plaintiff's cellular telephone(s) despite having actual knowledge that Plaintiff was represented by an attorney.

**WHEREFORE**, Plaintiff demands judgment against Defendants for the following relief:

   a. any actual damages sustained by Plaintiff as a result of the above allegations;

   b. statutory damages pursuant to 15 U.S.C. § 1692k(a)(2) in an amount up to $1,000.00;

   c. in the case of a successful action sustaining the liability of Defendants, pursuant to 15 U.S.C. § 1692k(a)(3), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

   d. any other relief the Court deems just and proper.

## COUNT II
## VIOLATION OF THE FDCPA, 15 U.S.C. § 1692d(5)

36. Plaintiff incorporates all allegations in the foregoing paragraphs as if stated fully herein.

36. Defendants violated the FDCPA, 15 U.S.C. § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

37. Specifically, Defendants caused Plaintiff's cellular telephone(s) to ring repeatedly or continuously after it knew that they did not have consent to contact Plaintiff via cellular telephone.

38. Defendants' acts, as described above, were done intentionally with the purpose of annoying, abusing, or harassing Plaintiff.

**WHEREFORE**, Plaintiff demands judgment against Defendants for the following relief:

a. any actual damages sustained by Plaintiffs as a result of the above allegations;

b. statutory damages pursuant to 15 U.S.C. § 1692k(a)(2) in an amount up to $1,000.00;

c. in the case of a successful action sustaining the liability of Defendants, pursuant to 15 U.S.C. § 1692k(a)(3), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

d. any other relief the Court deems just and proper.

## COUNT III
## VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

40. Plaintiff incorporates all allegations in the foregoing paragraphs as if stated fully herein.

41. Jurisdiction is proper pursuant to 47 U.S.C. § 227(b)(3).

42. Defendants used an automatic telephone dialing system or an artificial or prerecorded voice as defined by 47 U.S.C. § 227(a)(1)(A)(iii) to make telephone calls to Plaintiff's cellular telephone(s).

43. Defendants independently violated 47 U.S.C. § 227(b)(1)(A)(iii) for each call that Defendants placed to Plaintiff's cellular telephone(s) using an automatic telephone dialing system or an artificial or prerecorded voice.

44. The phone calls made by Defendants are considered willing and knowing violations of the TCPA, as Defendants are well aware of the TCPA and its prohibitions.

**WHEREFORE**, Plaintiff demands judgment against Defendants for the following relief:

a. statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 for each of the independent violations occurring after Plaintiff's revocation;

b. an increase in the amount of the award to an amount equal to three times the amount available pursuant to 47 U.S.C. § 227(b)(3)(B) where each of Defendants' independent violations were made willfully or knowingly; and

c. any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues.

Respectfully submitted,

CAREY DANIS AND LOWE

*/s/James J. Rosemergy*
James J. Rosemergy #50166 (Mo Bar)
8235 Forsyth Blvd., Ste. 1100
Clayton, MO 63105
(314) 725-7700 or (314) 678-3400
Facsimile: (314) 678-3401
jrosemergy@careydanis.com