**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| STEVEN RAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:19-cv-03205-JAR |
| ) | |
| US BANK NA, et al, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant ProCollect, Inc.'s Motion to Dismiss or, in the alternative, for More Definite Statement. (Doc. 4.) After the time to respond had passed, the Court ordered Plaintiff Steven Ray to show cause why the motion should not be granted. (Doc. 6.) Plaintiff's counsel responded that the delay was due to an administrative oversight caused by his heavy and complex case load, and contemporaneously filed Plaintiff's opposition to the motion to dismiss. (Docs. 7, 8.)

Ordinarily, an attorney's "mere carelessness and negligence" is not sufficient to excuse the failure to respond to a dispositive motion. *See Fed. Enterprises v. Frank Allbritten Motors*, 16 F.R.D. 109, 112 (W.D. Mo. 1954) (discussing sufficient bases for relief from judgement under Rule 60(b)). The Court concludes, however, that ProCollect will not be prejudiced by allowing Plaintiff to respond out of time, given the specific circumstances present in this case. Accordingly, the Court will grant Plaintiff leave to file out of time and will consider his response in opposition to ProCollect's motion.

**Background**

1

Plaintiff alleges that Defendants are debt collectors that repeatedly contacted using practices and methods prohibited by the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692a(5). (Doc. 1.) Specifically, Plaintiff alleges that Defendants: contacted him "with such frequency as can reasonably be expected to abuse or harass," "after [they] knew Plaintiff was represented by counsel" and "after being notified to no longer call Plaintiff through any means" Count I); caused Plaintiff's cellular telephone(s) to ring repeatedly or continuously after it knew that they did not have consent to contact Plaintiff via cellular telephone," "with the purpose of annoying, abusing, or harassing Plaintiff" (Count II); and "used an automatic telephone dialing system or an artificial or prerecorded voice . . . to make telephone calls to Plaintiff's cellular telephone(s)" (Count III). (*Id*. at ¶¶ 31-44.)

ProCollect moves to dismiss Plaintiff's claims against it, arguing that "Plaintiff fails to plead with the particularity required to make the claims plausible." (Doc. 4 at 2.) It asserts that Plaintiff's complaint offers nothing more than "labels and conclusions or a formulaic recitation of the elements of a cause of action" based on "naked assertions devoid of further factual enhancement." (*Id*., quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009)).) It argues that Plaintiff's complaint is so conclusory that it lacks sufficient factual or legal based to support his claims and therefore must be dismissed. (*Id*. at 5.) At the very least, ProCollect asserts, Plaintiff should be required to file a more comprehensive complaint. (*Id*.)

Plaintiff responds that his complaint is adequate to meet the low standard of Federal Rule of Civil Procedure 8, which requires only that the complaint gives the opposing party "fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders,* 199 F.3d 968, 973 (8th Cir. 1999)); (Doc. 8).

**Legal Standard**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (alteration in original) (citations omitted).  "When ruling on a motion to dismiss [under Rule 12(b)(6)], the district court must accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001).

**Discussion**

The Court will deny ProCollect's request to dismiss the case but will order Plaintiff to file a more definite statement.  Plaintiff's complaint is a collection of conclusory legal assertions.  The few facts he does include lack detail.  As ProCollect notes, Plaintiff fails to provide a factual basis for his assertion that he had revoked consent to contact him or that he had communicated counsel's representation to ProCollect.  (*See* Doc. 1 at ¶¶ 4-30.)  He fails to provide evidence to support his allegations that "Defendants knowingly and/or willfully" violated the FDCPA.  While the requirements of Rule 8 are minimal, Plaintiff's complaint does not say enough to give ProCollect "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Tellabs, Inc. v.*

*Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007) (citation omitted).  That said, the Court concludes that dismissing the complaint would be unduly harsh under the circumstances of this case and because ProCollect has not suffered prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant ProCollect, Inc.'s Motion to Dismiss or, in the alternative, for More Definite Statement (Doc. 4), is **GRANTED in part**.

**IT IS FURTHER ORDERED** that Plaintiff shall file a more definite statement **within fourteen (14) days of the date of this order**.

Dated this 20th Day of July, 2020.

                                          JOHN A. ROSS
                                  UNITED STATES DISTRICT JUDGE